

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KENNETH DOWNING, | ) | Case No.:   21-11026-JDW |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| KENNETH DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | A.P. No.:   21-01017-JDW |
| | ) | |
| RELIANT LOAN | ) | |
| SERVICING, LLC AND | ) | |
| FAY SERVICING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Defendants' Motion for Summary Judgment* filed by Reliant Loan Servicing, LLC and Fay Servicing,

LLC (the "Motion").[1]  In the complaint, the plaintiff-debtor seeks to determine the extent or validity of Reliant's lien, the enforcement of which he contends is barred by Mississippi law.[2]  The defendants seek summary judgment on the statute of limitations issue.  There is no genuine dispute as to any material fact, the law is clear, and the Motion is due to be granted.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (K), and (O).

## II. SUMMARY JUDGMENT STANDARD

Rule 56 permits a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  The court must view the pleadings and the facts in the light most favorable to the non-moving party.[4]  The moving

---

[1] (A.P. Dkt. # 35).
[2] (A.P. Dkt. # 1).
[3] Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056 applies Fed. R. Civ. P. 56 to all bankruptcy proceedings.
[4] *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) (citing *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013)).

party bears the initial burden of "identifying parts of the record that it believes demonstrates the absence of a genuine issue of material fact".[5]

Alternatively, the moving party may also show "an absence of evidence to support the nonmoving party's case" to succeed at the summary judgment phase.[6] "If the moving party satisfies this burden, 'the burden then shifts to the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"[7] Here, the defendants, as the movants, bear the initial burden.

### III.  FINDINGS OF FACT[8]

On December 6, 2001, the plaintiff obtained a loan from Beneficial Mortgage of Mississippi.  He executed a loan repayment and security agreement in the original principal amount of $26,949.84 and granted a deed of trust in favor of Beneficial on his home located in Byhalia, Mississippi.[9] The promissory note designates a monthly installment repayment period of 180 months, with a maturity date of December 6, 2016.[10] The deed of trust provides

---

[5] *Rice v. Cornerstone Hosp. of W. Monroe, L.L.C.*, 674 F. App'x 391, 392 (5th Cir. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986)).
[6] *Celotex*, 477 U.S. at 325.
[7] *Rice*, 674 F. App'x at 392 (quoting *Davis v. Fort Bend Cty.*, 765 F. 3d 480, 484 (5th Cir. 2014)).
[8] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[9] (A.P. Dkt. # 35, Ex. A, B).
[10] (A.P. Dkt. # 35, Ex. A).

3

that "the balance of the indebtedness, if not sooner paid, [is] due on December 6, 2016."[11] The deed of trust requires that:

> Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property.[12]

The parties agree that the plaintiff made his monthly payments as required by the loan documents until June 6, 2006, but made no payments thereafter.[13] The loan therefore went into default in July 2006, when the plaintiff failed to make the scheduled monthly payment.[14] Despite the default and accruing arrears thereafter, there is no evidence that the loan ever was accelerated. The loan matured on December 6, 2016.[15]

On October 19, 2018, the loan documents were assigned to defendant Reliant Loan Servicing, LLC.[16] By a statement dated February 13, 2019, Reliant notified the plaintiff he was 4,604 days delinquent, and principal and interest owed by the plaintiff totaled $56,476.20.[17]

---

[11] (A.P. Dkt. # 35, Ex. B).
[12] *Id.*
[13] (A.P. Dkt. # 1, ¶ 8); (A.P. Dkt. # 1, Ex. A); (A.P. Dkt. # 7, ¶ 8).
[14] (A.P. Dkt. # 1, ¶ 8); (A.P. Dkt. # 35, Ex. 2, ¶ 10); (A.P. Dkt. # 35, Ex. 3).
[15] (A.P. Dkt. # 35, Ex. A).
[16] (A.P. Dkt. # 1, ¶ 11); (A.P. Dkt. # 35, Ex. 2, ¶ 13); (A.P. Dkt. # 35, Ex. D, C, F).
[17] (A.P. Dkt. # 1, Ex. A); (A.P. Dkt. # 35, Ex. 2, ¶ 14).

The plaintiff filed his bankruptcy petition on May 26, 2021.[18] The defendants filed an objection to confirmation on June 15, 2021, asserting a secured claim in the bankruptcy case.[19] The plaintiff then filed this adversary proceeding, asserting that "[p]ursuant to Mississippi [C]ode annotated §75-3-118 and or §15-1-81 an action on this debt is barred for two reasons, it has been over six (6) years since the note was accelerated and over ten (10) years since the last payment."[20]

Though the plaintiff asserts that the loan was accelerated, he has failed to produce any evidence of acceleration. In fact, the plaintiff has submitted two documents that contradict this claim. First, he submitted an affidavit with an attached letter.[21] The letter, dated August 19, 2010, is from his previous bankruptcy counsel informing him that he was still responsible for this loan.[22] Second, he provided a mortgage statement, dated February 13, 2019, which strongly suggests that the loan was never accelerated.[23] First, it refers to a delinquency of 4,604 days, which extends back to the first missed installment

---

[18] (Dkt. # 1).
[19] (Dkt. # 11).
[20] (A.P. Dkt. # 1, ¶ 9).
[21] (A.P. Dkt. # 39, Ex. A).
[22] *Id. See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) ("When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside of the reaches of the privilege. Therefore, a client implicitly waives the attorney-client privilege by testifying about portions of the attorney-client communication").
[23] (A.P. Dkt. # 1, Ex. A),

payment in 2006.[24] Second, the statement lists missed installment payments of principal and interest in the amount of $513.42 due on July 6, 2006 and October 6, 2015 respectively, with $56,476.20 of principal and interest due between August 6, 2006 and September 6, 2015.[25] Third, the statement specifically provides that the loan matured on December 6, 2016.[26] While it is curious that the initial creditor let the arrears continue to accrue without accelerating the loan, each of these line items indicates that the loan was, in fact, never accelerated.

Most telling, the plaintiff submitted no evidence of a letter or other notice of acceleration. The plaintiff's response to the Motion admits that "[t]o his knowledge no documents exist, it is just his recollection of the facts."[27] The defendants have satisfied their burden by identifying parts of the record that demonstrate the absence of a genuine dispute of material fact. All the evidence reflects that the note was never accelerated. The Fifth Circuit has held that "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a

---

[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] (A.P. Dkt. # 39).

6

motion for summary judgment."[28] The Court finds that the lender did not accelerate the loan.[29]

## IV. CONCLUSIONS OF LAW

The plaintiff contends that any act to collect is barred under Mississippi Code Annotated § 75-3-118 and/or § 15-1-81 because "it has been over six (6) years since the note was accelerated and over ten (10) years since the last payment."[30] He makes no argument about which statute should apply, only generally asserting that the action should be barred by either or both. Determining whether collection is barred by either statute of limitations is a two-step process. The Court must first examine the note to determine the applicable statute of limitations. The Court will then apply the facts to the applicable statute.

### A. Applicable Statute of Limitations

#### 1. Negotiable vs. Non-negotiable Instruments

Miss. Code Annotated § 75-3-118, applies to negotiable instruments. It provides, in pertinent part:

> (a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or

---

[28] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Federal Practice and Procedure: Civil 2d § 2738 (1983)).
[29] This conclusion is bolstered by the fact that the lender never took any action to collect on the loan until maturity.
[30] (A.P. Dkt. # 1, ¶ 9).

7

  dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.

 (b) Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six (6) years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten (10) years.[31]

A negotiable instrument is defined as:

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> (2) Is payable on demand or at a definite time; and
> (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.[32]

Applying that definition, the Southern District of Mississippi has previously found a promissory note like the note in this case to be a negotiable

---

[31] Miss. Code. Ann. § 75-3-118.
[32] Miss. Code Ann. § 75-3-104(a).

8

instrument.[33] Here, the note states that the plaintiff agreed "to pay [Beneficial], the Principal and Interest computed at the Contract Rate" and provides that he was to "pay [Beneficial] monthly payments, at [their] business address or other address given to [him]," which satisfies the requirement that the note be "payable to order." It is payable at a definite time as detailed in the note and contains no other disqualifying conditions. Thus, the Court finds the note is a negotiable instrument and is subject to the statute of limitations set out in § 75-3-118.[34]

### 2. Payment Terms

Next, the Court must determine the applicable subsection of § 75-3-118. Subsection (a) applies to notes "payable at a definite time," while subsection (b) applies to notes "payable on demand." Mississippi Code Annotated § 75-3-108 provides that:

> (a) A promise or order is "payable on demand" if it (i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (ii) does not state any time of payment.

---

[33] *Wells Fargo Bank, N.A. v. Quick Clean, LLC*, No. 3:13CV519-HSO, 2014 WL 7151266, at *3 (S.D. Miss. Dec. 12, 2014).

[34] Section 15-1-81 applies to nonnegotiable promissory notes. It contains nearly verbatim language to § 75-3-118 in its first two subsections. A nonnegotiable instrument is defined as "an unconditional written undertaking to pay absolutely and in any event a fixed amount of money signed by the person undertaking to pay the money that is not an 'instrument' under Section 75-3-104(b)." Because the note is a negotiable instrument, § 75-3-118 applies. But it is worth noting that because the language between the two statutes is almost identical, the outcome, without a finding of acceleration, would be the same if the facts were analyzed under § 15-1-81.

> (b) A promise or order is "payable at a definite time" if it is payable on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise or order is issued, subject to rights of (i) prepayment, (ii) acceleration, (iii) extension at the option of the holder, or (iv) extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.[35]

In cases much like this one, both the Mississippi Court of Appeals and the District Court for the Southern District of Mississippi have applied these definitions and determined the loans were payable at a definite time. In *Jordan v. BancorpSouth Bank*, the defendant signed a promissory note that provided for monthly installment payments of principal and interest with a specified beginning date.[36] The Honorable Sharion Aycock held that the note was subject to the 6-year statute of limitations under § 75-3-118(a).[37] The appellate court affirmed Judge Aycock's decision because the note was payable at a definite time.[38] Relying on *Jordan*, the Southern District of Mississippi held that a loan with a stated maturity date was considered payable at a definite time, and also applied § 75-3-118(a). [39]

---

[35] Miss. Code Ann. § 75-3-108.
[36] *Jordan v. BancorpSouth Bank*, 964 So. 2d 1205, 1206-07 (Miss. Ct. App. 2007).
[37] *Id.* at 1206.
[38] *Id.* at 1207.
[39] *Wells Fargo Bank, N.A. v. Quick Clean, LLC*, No. 3:13CV519-HSO, 2014 WL 7151266, at *3.

Here, the note provides for installment payments of principal and interest to be paid on the same day of each month.[40] The first payment was due January 6, 2002 and monthly payments were to be made thereafter until maturity.[41] That maturity date is clearly stated in the loan documents as December 6, 2016.[42] The loan here is payable at a definite time and therefore subject to the statute of limitations established in subsection (a).[43] Accordingly, an action to enforce the obligation "must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date."[44] The Court now turns to when the 6-year statute of limitations began to run in this case.

B. Statute of Limitations Commencement Date

Mississippi courts have rejected the argument that the § 75-3-118 statute of limitations begins running upon default.[45] In *Walker v. Chase Mortgage Corp.*, the plaintiff argued that the statute of limitations had run under either Miss. Code Ann. § 15-1-49 or the applicable statute here, § 75-3-118.[46] The plaintiff argued that the statute of limitations began running on

---

[40] (A.P. Dkt. # 35, Ex. A).
[41] *Id.*
[42] *Id.*
[43] Miss. Code Ann. § 75-3-108; Miss. Code. Ann. § 75-3-118(a).
[44] Miss. Code Ann. § 75-3-108(b).
[45] *Walker v. Chase Manhattan Mortg. Corp.*, No. 1:12CV376 LG-JMR, 2013 WL 10254348, at *2 (S.D. Miss. Apr. 23, 2013); *Hopson v. Specialized Loan Servicing, LLC*, No. 3:17-CV-832-DPJ-FKB, 2018 WL 2449180, at *5 (S.D. Miss. May 29, 2018).
[46] *Walker,* No. 1:12CV376 LG-JMR, 2013 WL 10254348, at *1.

11

the date of the "next scheduled payment" that was not made (the date of default).[47] But the court held that "the statute of limitations begins to run 'from and after the maturity date of the ... last installment.'"[48] More recently, in a case where the plaintiffs argued that a creditor's attempts to foreclose were barred by the statute of limitations, the court again held that the statute of limitations began to run from and after the maturity date, not the date of default.[49] It is clear that, absent acceleration, the limitations period begins to run upon maturity.

As the Court has found, the loan here was never accelerated. It matured by the terms of the loan documents on December 6, 2016.[50] The statute of limitations began to run on that date, and the limitations period will expire, at the earliest, on December 6, 2022.[51]

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the defendants' *Motion for Summary Judgment* is **GRANTED**.

##END OF OPINION##

---

[47] *Id.*
[48] *Id.* at *2 (citing Miss. Code Ann. § 89-5-19).
[49] *Hopson*, No. 3:17-CV-832-DPJ-FKB, 2018 WL 2449180, at *5 (citing *Walker*, No. 1:12CV376 LG-JMR, 2013 WL 10254348, at *2).
[50] (A.P. Dkt. # 35, Ex. A).
[51] The statute of limitations could be tolled by the existence of the automatic stay. The Court need not address that issue here, because the original statute of limitations has not yet run. *See Young v. BL Dev. Corp.*, No. 3:19CV034-NBB-RP, 2019 WL 5566528, at *2 (N.D. Miss. Oct. 28, 2019).